[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12209
Non-Argument Calendar
_____

Agency No. A205-222-187


QIQI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 26, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Qiqi Chen seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal under both the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT").  In his petition for review, Chen argues that the agency did not consider the totality of the circumstances when evaluating his credibility, that the agency's adverse credibility determination is not supported by substantial evidence, and that the agency's demand for unavailable corroborating evidence of his arrest and bond payment was unreasonable.

Chen testified at the merits hearing before the IJ, recounting his 2010 arrest, two-week detention, and beating by Chinese authorities for being a member of an illegal house church in China. He further stated that his mother had paid a bond for his release but he presented no corroborating evidence of his arrest or of his mother's payment of the bond. He admitted that he lied on his student visa application and during his consular interview about his intent to attend a United States university. Chen's testimony regarding his falsehood on his visa application was internally inconsistent, as he first testified that it was his only way to leave China, but later admitted that he had not sought any other alternatives.

The IJ issued a decision denying Chen's applications for asylum, withholding of removal, and protection under CAT, and ordering him removed

2

from the United States.  The IJ determined that Chen's testimony regarding his two-week detention and arrest was sparse, and noted that he failed to provide any corroboration of his mother's bond payment.  The IJ reasoned that Chen was not credible because he lied, under penalty of perjury, on his visa application about becoming a student at the university and continued to lie about being a student during his interview with the consulate officer.  The IJ also concluded that Chen was not entitled to relief under CAT because his testimony was not credible, he provided weak testimony without corroboration, and he was able to leave China using his true identity without delay or apprehension.

Chen appealed to the BIA, which affirmed the IJ's decision and dismissed Chen's appeal. The BIA concluded that, in light of his weak testimony, his admission of untruthfulness in obtaining a visa, and the lack of any corroborating evidence, Chen did not satisfy his burden of proof for asylum, withholding of removal, and CAT protection.  It thus affirmed the IJ's decision and dismissed his appeal. Chen then petitioned this Court for review.

We review only the decision of the BIA, except to the extent that the BIA "expressly adopts the IJ's decision." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where instead the BIA agrees with the IJ's reasoning, we will also review the IJ's decision only to the extent of the agreement. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).  We review factual

determinations, including credibility determinations, under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). We must affirm the agency's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quoting *Al Najjar*, 257 F.3d at 1284). We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255 (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)). Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record compels reversal. *Id.* We may not substitute our judgment for that of the agency with respect to its credibility findings. *Ruiz*, 440 F.3d at 1255.

An applicant for asylum must "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation marks omitted). An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence. *Id.* at 1255. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Id.* If the applicant relies solely on his testimony, however, "an adverse credibility determination alone may be sufficient to support the denial of

4

an asylum application." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

A credibility determination must be based on the totality of the circumstances, and may be based on certain factors, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Id.* Adverse credibility determinations must be supported by the record and cannot be "based solely on speculation and conjecture." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1278 (11th Cir. 2009).

To sustain an asylum applicant's burden of proof without corroborating evidence, his testimony must be credible and persuasive, and refer to specific facts sufficient to establish his refugee status. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Forgue*, 401 F.3d at 1287. The weaker the applicant's testimony, the greater the need for corroborating evidence. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). If the IJ determines that an applicant should provide corroborating evidence, the applicant must provide it "unless the applicant does not have the

evidence and cannot reasonably obtain [it]."  8 U.S.C. § 1158(b)(1)(B)(ii).  We may not reverse the agency's finding that corroborative evidence was reasonably available to an applicant unless we determine "a reasonable trier of fact is compelled to conclude that such corroborating evidence [was] unavailable." U.S.C. § 1252(b)(4).

To support a request for withholding of removal under the INA, an applicant "must show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." *Mendoza v. U.S. Att'y. Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). The applicant has the burden to show that he "more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Id.* "[I]t is axiomatic that where an applicant fails to meet the burden for asylum, he necessarily cannot meet the more stringent burden for withholding of removal." *Amaya-Artunduaga v. U.S. Att'y. Gen.*, 463 F.3d 1247, 1249 n.3 (11th Cir. 2006).

An applicant seeking protection under CAT must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)).  Additionally, the applicant must show that the torture would be by or with the acquiescence of the government.  *Id.*

6

With regard to his claim for asylum, Chen has failed to meet his burden. First, substantial evidence supports the BIA's affirmation of the IJ's adverse credibility determination about his alleged persecution by the Chinese authorities because Chen lied both on his visa application and during his consular interview about his intent to attend a university in the United States.  He also provided internally inconsistent testimony as to why he lied; specifically, he first claimed that the falsehood was his only chance to leave China, but he later admitted that he had not sought any other alternatives.  The IJ was entitled to base its credibility determination on these inconsistencies in Chen's testimony. 8 U.S.C. § 1158(b)(1)(B)(iii).

Next, because substantial evidence supported the BIA's affirmation of the IJ's adverse credibility determination, the BIA reasonably looked for any additional corroborating evidence of Chen's arrest.  8 U.S.C. § 1158(b)(1)(B)(ii); *see also Yang*, 418 F.3d at 1201. He failed to provide any evidence such as bank records or documentation of his mother's payment of the bond; nor did he supply any reasons why he could not provide such corroboration.[1]  Based on the adverse credibility determination and his failure to provide corroborating evidence, Chen has not demonstrated "with specific and credible evidence" either "past

---

[1] Although Chen argues that the authorities did not give him an accounting of the bond payment, he also testified that he was in regular contact with his mother. As the IJ pointed out, he provided no reason why his mother could not have supplied him with evidence of the alleged payment.

7

persecution on account of a statutorily listed factor" or "a well-founded fear that the statutorily listed factor will cause future persecution," such that asylum would be appropriate. *Ruiz*, 440 F.3d at 1257; *Forgue*, 401 F.3d at 1287–88 ("Because Forgue did not produce corroborating evidence for the IJ to consider and the IJ found his testimony was not credible, substantial evidence also supports the IJ's denial of Forgue's asylum application").

And because Chen is not entitled to asylum, he is not entitled to withholding of removal under the INA because that requires a more stringent burden than asylum. *Forgue*, 401 F.3d at 1288 n.4.

For the same reasons, Chen has not met his burden to demonstrate eligibility for relief under CAT, which also has a higher burden than the standard for asylum. *Al Najjar v. Ashcroft*, 257 F.3d at 1303.

We find nothing in the record that "compels" reversal, and the BIA's determination "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz*, 440 F.3d at 1254–55.

**PETITION DENIED.**